Anderson, J.,
delivered the opinion of the court.
The court is of opinion that the bond upon which this suit was brought, is an obligation to pay a certain sum, that is 2,400 -dollars, in money, that is to say, gold or silver, meaning gold or silver coin, not bullion. The *240 transaction shows this: It was not a sale of bullion, but a contract to pay a debt, ascertained—2,400 dollars—. Hot paper dollars, but gold or silver. In this obligation “gold or silver,” is evidently named as the standard of value, and as such, gold or silver coin could only have been meant. For whilst the obligor is not absolutely required to pay in that coin, he is absolutely required to pay that or its equivalent. lie must pay 2,400 dollars, gold or silver being the standard. He may pay it in either, but if not paid in one or the other, he may pay it in Hational Bank notes, or other currency, in an amount equal to twenty-four hundred gold dollars, or silver dollars, at his option. Such being the obligation of the plaintiff in error, it is a contract for a sum certain in money; and although he has the privilege to discharge itwith an equivalent of bank notes or other inferior currency, debt will lie, as was held by this court in Butcher v. Carlile, 12 Gratt. 520. The court is, therefore, of opinion that the demurrer was properly overruled.
Hpon the second assignment of errors, the court is of opinion that the judgment of the court below, on the special verdict, is correct. The doctrine is well settled, that upon the plea of usury, the onus lies upon the defendants. The statute of . usury being highly penal, strict proof is required. Brockenbrough's ex'ors v. Spindle's adm'rs, 17 Gratt, p. 21. In this case the defendant has failed to show that the consideration of the bond, . or any part of it, is usurious. And the defendant in error, by his counsel, having waived any right he may have to. a judgment for gold or its equivalent; and having withdrawn his assignment of error, that the court below did not render such, judgment, the court is of opinion that there is no error in the record for which the judgment should be reversed. Let it be affirmed.
Judgment appirmed.